IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA PITTS, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.: 2:05-CV-0948-RDP |
| | } | |
| PREMIER DESIGNS, INC. , | } | |
| | } | |
| Defendant. | } | |
| | } | |

**MEMORANDUM OPINION**

The court has before it Defendant's Motion to Dismiss (Doc. #6) filed on July 5, 2005. The court has now set this case for hearing on two separate occasions. On July 25, 2005, Defendant's counsel did not appear for the scheduled argument. On July 28, 2005, Plaintiff's counsel did not appear for the rescheduled argument. The court will not set this case for hearing again. Rather, it has reviewed the parties' written submissions and will rule on the pending motion. For the reasons outlined below, the court finds that Defendant's motion to dismiss is due to be granted.

**I.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving

party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

**II.     Relevant Facts**

According to Plaintiff's complaint, on March 11, 2005, Plaintiff purchased a hinged bangle bracelet for $34.00 from Micki Brasher, a "hostess" selling jewelry for Premier Designs, Inc. ("Premier"). (Doc. # 1, at 2, Ex. A). A copy of Plaintiff's receipt is attached to the complaint. (Doc. # 1, Ex. A). Premier added a $2.50 "shipping/handling" charge to the $34.00 purchase price and

then calculated $3.28 in sales tax on the subtotal of $36.50. (Doc. # 1, at 2, Ex. A). Plaintiff now complains that Premier improperly charged her 22¢ in sales tax on shipping and handling in violation of law. (Doc. # 1, at 3). Plaintiff alleges that, at the time of purchase, she complained about the charge and was told that Premier's policies, procedures, customs, and practice required sales tax to be calculated in that manner. (Doc. # 1, at 3).

Plaintiff now seeks to represent a class of persons who purchased goods from Premier and had sales taxes imposed on shipping and handling charges charged by Premier. (Doc. #1, at 3). Plaintiff alleges that Premier's actions constitute a breach of contract, negligence, wantonness, and unjust enrichment under Alabama law. (Doc. # 1, at Counts I-IV). Defendant maintains that Plaintiff's complaint is due to be dismissed because Premier, in calculating sales tax on "shipping/handling" charges, is acting as the State compels it to act. (Doc. # 6).

**III.   Discussion**

Premier argues that Plaintiff's complaint is due to be dismissed for three alternative reasons: (1) Alabama law mandates that Premier collect sales tax on all "shipping and handling" charges; (2) Plaintiff's claim is barred by the voluntary payment doctrine; and (3) this lawsuit is an improper avenue for seeking the recovery of sales tax. The court finds that dismissal is appropriate because under Alabama law, Premier properly collected sales tax on "shipping and handling" and because Plaintiff's claims are not properly asserted in this case.[1]

---

[1] Although Defendant argues that Plaintiff's voluntary payment of the charges of which she now complains preclude her claims in this lawsuit, the court cannot conclude on a motion to dismiss that the voluntary payment doctrine applies. "It has been the law in Alabama for over 150 years that where one party, with full knowledge of all the facts, voluntarily pays money to satisfy the colorable legal demands of another, no action will lie to recover such a voluntary payment, in the absence of fraud, duress, or extortion." *Stone v. Mellon Mortgage Co.*, 771 So. 2d 451, 456 (Ala. 2000). However, the Alabama Supreme Court has recognized an exception to the voluntary payment

### A.   Alabama Law Requires Collection of Sales Tax on "Shipping and Handling"

Under Alabama law, Premier must collect sales tax from purchasers as a percentage of the price paid. ALA. CODE § 40-23-26(a) (1975). Transportation charges[2] are included in the price subject to sales tax under certain circumstances:

> Where delivery of tangible personal property is made by common carrier or the U.S. Postal Service, the transportation charges shall not be subject to sales or use tax if billed as a separate item and paid directly or indirectly by the purchaser. To be excluded from the measure of tax, these transportation charges *must be separate and identifiable from other charges. Transportation charges are not separate and identifiable if included with other charges and billed as 'shipping and handling' or 'postage and handling'*. . ..

---

doctrine for "money voluntarily paid under a mistake of fact . . . even where the party paying had means of ascertaining the real facts." *U-Haul Company of Alabama, Inc. v. Johnson,* 893 So.2d 307, 311-312 (Ala. 2004)(citations omitted). Plaintiff maintains that the voluntary payment doctrine does not apply because she "may have voluntarily paid the 'tax' on a mistake of fact that it was actually being submitted to the proper regulatory agencies." (Doc. # 8, at 4). Plaintiff has asserted an unjust enrichment claim in this case, and for reasons explained more fully above, such a claim must fail. Nevertheless, "accept[ing] all well-pleaded factual allegations in the complaint as true," the court cannot conclude that the affirmative defense of voluntary payment would otherwise bar the claim.

[2]Plaintiff's assertion–in her opposition brief, not her Complaint–that the "shipping and handling" charge is really just a "transportation" charge and as such is not subject to sales tax is unavailing. (*See* Plaintiff's Response at 3 ("No other charges were included in this charge other than the transportation charge.")). This newly manufactured averment fails for two reasons. First, this is not an allegation made in the Complaint, which is premised solely on Plaintiff's incorrect assumption that it is *per se* "improper" or "wrongful" to assess tax on "shipping and handling." (*See* Complaint ¶¶ 8-12.) Plaintiff cannot lard her response brief with new allegations in an effort to state a claim. *Burch v. City of Nacogdoches*, 174 F.3d 615, 617 n.5 (5th Cir. 1999) (concluding plaintiff was "bound by his pleadings" despite attempt to allege new facts in brief); *Johnson v. Foulds, Inc.*, No. 95 C 5062, 1996 WL 41482, at *6 n.4 (N.D. Ill. Jan. 31, 1996); *Sanderson v. H.I.G. P-XI Holding, Inc.*, No. CIV. A. 99-3313, 2000 WL 1042813, at *4 (E.D. La. July 27, 2000) ("A complaint may not be amended by the plaintiff's briefs in opposition to a motion to dismiss."). Second, Plaintiff has demonstrated no good-faith basis for claiming that the $2.50 shipping and handling charge was solely attributable to transportation.

ALA. DEP'T. OF REVENUE RULE 810-6-1-.178(2) (emphasis added).[3]   In this case, it is undisputed that Premier charged Plaintiff $2.50 for "shipping/handling" and collected sales tax on both the jewelry purchase and the shipping and handling charge. (Doc. # 1, at Ex. A).

Plaintiff's argument that she indirectly paid transportation charges, which were separate and identifiable, is unavailing.  The receipt Plaintiff was provided at the time of the sale, which is annexed to her Complaint,  clearly shows a charge for "shipping/handling" as provided for in ALA. DEP'T. OF REVENUE RULE 810-6-1-.178(2).  Because Premier was required by Alabama law to charge sales tax on shipping and handling, Plaintiff's complaint is due to be dismissed.

> **B.     Plaintiff's Claims Are an Improper Means to Recover an Alleged Sales Tax Overcharge**

It is undisputed that Premier collects sales tax as an agent for the State.  *See* ALA. CODE § 40-23-26; ALABAMA DEPARTMENT OF REVENUE, SALES TAXES: SALES TAX REPORT, SALES TAX RATES, SALES WHERE NO TAX IS DUE, MISCELLANEOUS INFORMATION 1 (rev. Jan. 2004) ("Sales tax is due on retail sales of tangible personal property and is due from the consumer (your customers).  You, the seller, will act as an agent for the State and collection the sales tax from your customers.").  In Alabama, a taxpayer "may not maintain common law causes of action based on unjust enrichment, fraud or other claims to recover allegedly overcollected sales taxes . . . ."  *Smith*

---

[3] The Alabama Department of Revenue has recently confirmed this rule:

> Rule 810-6-1-.178 provides that in order for transportation charges to be excluded from the measure of tax, the transportation charge must be separate and identifiable from other charges.  Transportation charges are not separate and identifiable when the postage charges are commingled with other charges and billed as 'postage and handling.'

ALA. REVENUE RULING No. 98-103 (Apr. 7, 1999).

*v. Sears, Roebuck & Co.,* 672 So.2d 794, 798 (Ala. Civ. App. 1995). Moreover, there is no statutory duty owed to a consumer for a merchant to charge sales tax properly; therefore, a consumer has no private right of action to sue for recovery of an alleged sales tax overpayment.[4] *Smith,* 672 So.2d at 798.

Plaintiff's reliance upon *Ross Jewelers, Inc. v. State*, 72 So.2d 402, 408 (1953), for her argument that "[u]njust enrichment has been recognized as a valid theory for the recovery of excess sales taxes collected by a retailer from its customers" (Doc. # 8, at 5) is misplaced. *Ross* did not recognize unjust enrichment as a theory of recovery against a seller and for a purchaser who has paid excess sales tax; rather, the court concluded that a jeweler (*i.e.*, the seller) who had improperly computed sales tax (by adding a luxury tax to the price of merchandise sold) was not entitled to a refund from the State (the taxing authority) for the excess amounts he collected. *Ross*, 72 So.2d at 406-8. Against the backdrop of these facts, the court noted that, "[i]t would be an unjust enrichment for us to allow Ross Jewelers, Inc. to be the beneficiary of this fund." *Ross*, 72 So.2d at 408. Therefore, *Ross* is of no help to Plaintiff in this case.

---

[4] Nor can Plaintiff's belatedly attempt to transform her allegations into a claim that Premier has not shown that it properly remits the tax that it collects. First, nowhere in the Complaint is there an allegation that Premier has improperly **remitted** tax to the state. Second, it is not Premier's burden in moving to dismiss the Complaint to make an evidentiary showing that it properly forwarded Plaintiff's tax payment when no such allegation is even made in the Complaint. Finally, even if there were a question as to whether Premier has properly remitted the sales tax, Plaintiff would have no standing to raise the issue because (a) she would have no cognizable injury for tax owed and collected but not properly forwarded to the State and (b) this would be a matter for the State to resolve through the statutory audit process. ALA. CODE § 42-23-30; *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting that standing "is an essential and unchanging part of the case-or-controversy requirement of Article III"); *Fla. Dep't of Ins. v. Chase Bank of Tex. Nat'l Assoc.*, 274 F.3d 924, 929 (5th Cir. 2001) ("If the plaintiff is not the party who sustained the concrete and particularized injury for which a remedy is sought, . . . then it does not have standing.")

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (Doc. #6) is due to be granted.

A separate order granting that motion and dismissing this case without prejudice will be entered.

**DONE** and **ORDERED** this   1st   day of August, 2005.

                                              **R. DAVID PROCTOR**
                                              UNITED STATES DISTRICT JUDGE